## NATIONAL LABOR RELATIONS BOARD v. ATLANTA JOURNAL CO.

### No. 13322.

United States Court of Appeals
Fifth Circuit.

Feb. 13, 1951.

---

1. Schroeder v. United States, 2 Cir., 7 F.2d 60; Woods v. United States, 8 Cir., 26 F.2d 63.

14

William M. Pate, Ch. Law Officer, NLRB, Atlanta, Ga., David P. Findling, Assoc. Gen. Cnsl. NLRB, A. Norman Somers, Asst. Gen. Cnsl. NLRB, Washington, D. C., for petitioner.

E. D. Smith, Jr., Ernest P. Rogers, Atlanta, Ga., for respondent.

Before HUTCHESON, Chief Judge, and McCORD and BORAH, Circuit Judges.

PER CURIAM.

This trumpery little case is a tempest in a tea pot, and, because the tea has been so long in brewing, it is bound to be bitter tea for whoever has to drink it.

It is no credit to any of the participants that the proceedings, beginning with the certification in 1944, have dragged their slow length along to such little purpose in achieving the industrial peace spoken of in the Act.

It is both a wonder and a pity that, with the few persons involved in this small group of supposedly educated and intelligent employees, some reasonably satisfactory settlement and adjustment could not have been arrived at long ago, without all of this backing and filling and, in the end, doing nothing.

If we could do so, we would order this trivial proceeding dismissed as completely stale, flat, and unprofitable, and one with which we wanted nothing to do. We do not, however, write, we only apply, the law as it has been written.

So applying it, we hold unfounded: (1) respondent's complaint of the amended charges as not within the scope of the charge as originally filed; and (2) its complaint that the findings on which the order rests are without adequate support in the evidence.

In view, however, of the long lapse of time since the last certification, the decree granting enforcement must carry a provision to the effect that respondent, while obligated to bargain with the union "as the representative of its employees until the fact that it is not, is made to appear", has the right to have determined by an election or other satisfactory method whether in fact the union is such and to act upon that determination.

Petition granted and enforcement decree, as suggested, authorized.